# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN T. DAVIS, | ) |
| Movant, | ) |
| v. | ) Cv. No. 2:19-cv-02234-JTF-atc |
| | ) (Related Case Nos. 2:12-cr-20132-JTF-1; 2:14-cv-02201-SHL-cgc) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255; DENYING A CERTIFICATE OF APPEALABILITY; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; DENYING ALL REMAINING MOTIONS**

Before the Court is Movant John Davis's Second or Successive Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Petition") filed on April 1, 2019.[1] (ECF No. 1.) The Government filed a Response in Opposition on September 4, 2019. (ECF No. 10.) For the following reasons, the Court finds that Davis's Motion should be **DENIED.**

I. BACKGROUND

   A.   *Davis's Criminal Case- 2:12-cr-20132-JTF*

On May 30, 2012, Davis was charged in a one-count indictment with unlawful possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Case No. 2:12-cr-20132-JTF-1, ("Cr.") ECF No. 1.) Pursuant to a written plea agreement, Davis changed his plea to

---

[1] Bureau of Prisons register number 25289-076, who is currently incarcerated at United States Penitentiary Big Sandy.

guilty on December 20, 2012. (Cr. ECF Nos. 23 & 24.) Davis's previous felony convictions for violent or serious drug offenses triggered the Armed Career Criminal Act ("ACCA"), which increases the statutory punishment to not less than fifteen (15) years and up to life imprisonment. (18 U.S.C. § 924(e)(1); Cr. ECF No. 28 (sealed); and Cr. ECF No. 76, 5 ¶ 17 (sealed).)[2] Davis was aware that he faced the possibility of receiving an enhanced sentence under the ACCA because such language was included in his plea agreement and explained to him during his change of plea hearing. (Cr. ECF Nos. 24, 2 ¶ 2 & 35, 22.)

At the time of the offense, Davis was a five-time convicted felon. (Cr. ECF Nos. 76, 6–13 & 36, 9–12.) The PSR identified three felonies that qualified Davis for the ACCA, including aggravated assault, burglary of a building, and aggravated robbery. (Cr. ECF Nos. 76, 9–11 & 36, 10–11.) This resulted in a statutory mandatory minimum of 180 months and guideline sentencing range of 180–210 months. (ECF Nos. 76, 18 ¶ 83.) After finding that the ACCA applied, this Court sentenced Davis, on March 21, 2013, to the minimum of the range, or 180 months (15 years) confinement with the Bureau of Prisons. (Cr. ECF No. 27.)

On March 24, 2014, Davis filed his first *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Case No. 2:14-cv-02201-SHL-cgc, ("Cv.") ECF No. 1.) In this Motion, Davis argued that his trial counsel was ineffective, he was not an armed-career criminal, the evidence obtained was part of an illegal search, and he was deprived of a speedy trial. *(Id.)* On August 22, 2016, that Court entered an order granting Davis a

---

[2] Davis's sentence was imposed before the Supreme Court ruled that the Fifth and Sixth Amendment require a jury, as opposed to a judge, to determine whether a defendant committed three violent felonies or serious drug offenses on separate occasions to impose ACCA's heightened mandatory minimum. *See Erlinger v. United States*, 602 U.S. 821 (2024). Because the Supreme Court did not hold that its ruling was retroactive on collateral review, and procedural rules "generally do not apply retroactively" *Erlinger* does not bear on the merits or timeliness of Davis's motion. *See Kaiser v. United States*, No. 1:23-CV-1292, 2025 WL 315104, at *15 (W.D. Mich. Jan. 28, 2025) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004)).

delayed appeal because his counsel failed to file notice of appeal after being instructed to do so. (Cv. ECF No. 34.)

On appeal, Davis raised several issues. He argued that his burglary conviction could no longer be used as an ACCA predicate offense in light of *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc) and that "if a Tennessee state enhancement statute was applied, it could transform a non-ACCA burglary into a predicate offense without regard to the underlying conduct." (Cr. ECF No. 48, 4.) In affirming Davis's sentence, the Sixth Circuit first noted that Davis did not dispute the underlying facts—that he was convicted of burglary of a building, and that his "conviction still fits within the definition of generic burglary and is therefore a violent felony for ACCA purposes." (*Id.* at 6.) Accordingly, the Sixth Circuit affirmed his sentence, while denying the Government's pending motions as moot. (*Id.* at 10.)

### B.    *The Habeas Petition, Number 2:19-cv-02234-JTF-atc*

Davis filed the instant *pro se* Second or Successive Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 on April 1, 2019. (ECF No. 1.) In this Motion, Davis asserts that his conviction, judgment, and sentence for a § 922(g) violation should be vacated, set aside, or corrected because he is no longer an Armed-Career Criminal under the ACCA, and he received ineffective assistance of counsel. (*Id*. at 5, 7) The Government opposes the Motion, arguing that "(1) Davis has failed to obtain permission from the Court of Appeals to file successive § 2255 motion" and "(2) the substance of Davis'[s] second successive § 2255 claim raises no new claims." (ECF No. 10, 3.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

> in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Movant must show that he is entitled to relief in § 2255 proceedings. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

§ 2255 motions do not supplant direct appeals. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal."). "It is [also] equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### III.  ANALYSIS

#### A.  *Impermissible Successive Motion*

The Government asks this Court to deny Davis's § 2255 Motion because he lacks permission to file a successive motion and has not introduced either newly discovered evidence or new constitutional law that would retroactively affect his sentence. (ECF No. 10, 3.) The Court agrees.

For a defendant to file a second § 2255 motion:

[H]e must make a prima facie showing that the proposed motion relies on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*In re Clark*, No. 23-1401, 2023 U.S. App. LEXIS 30481, at *2 (6th Cir. Nov. 15, 2023) (citing 28 U.S.C. § 2255(h)). In reviewing Davis's Motion, it is clear that he has failed to present newly discovered evidence that would show him to be not guilty of the offense, or stated a new rule of constitutional law that would retroactively apply to his circumstances.

In prior filings, Davis asked this Court, as well as the Sixth Circuit Court of Appeals, to consider whether he was wrongly classified as an armed-career criminal and whether he was deprived of effective assistance of counsel. (*See* ECF No. 15, 1–3 (describing the procedural history of this matter).) His claims have been reviewed and denied. However, the Sixth Circuit subsequently denied Davis's attempt to litigate a successive § 2255 motion and transferred the case to this Court for further proceedings. (ECF No. 18.) After review, this Court finds that Davis has failed to allege a legitimate reason to allow a second or successive § 2255 motion to proceed. To allow him to do so would result in relitigating an issue that has previously been considered and resolved against him. *Foster v. Chatman*, 578 U.S. 488, 520 (2016) (Alito, J., concurring). Accordingly, the Court finds that Davis's Second Motion for § 2255 relief should be **DENIED** because 1) the same issues have previously been litigated; 2) there is no retroactive constitutional law that would alter the outcome of this matter; and 3) Davis did not receive ineffective assistance of counsel. Davis remains an armed-career criminal.

### B.    *The Armed Career Criminal Act*

Although the Court has found that Davis failed to allege a legitimate reason to allow a second or successive § 2255 motion to proceed, the Court will address the merits of his Motion.

Davis asks this Court to determine whether he is still subject to the ACCA, which "mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions 'for a *violent felony* or *a serious drug offense*, or both.'" *Harris v. United States*, Nos. 3:08-CR-104-PLR-HBG; 3:12-CV-501-PLR, 2016 U.S. Dist. LEXIS 28355, at *12 (E.D. Tenn. Mar. 7, 2016). A violent felony is "'any crime punishable by imprisonment for a term exceeding one year' that (1) 'has as an element the use, attempted use, or threatened use of physical force against the person of another' (the 'use-of-physical-force clause'); (2) 'is burglary, arson, or extortion, involves the use of explosives' (the 'enumerated-offense clause')." *Id.* at *12–13; *see* 18 U.S.C. § 924 (e). A defendant who fails to challenge their classification as an armed career criminal or waives the challenge through a plea agreement, would be legally unable to challenge the classification in a subsequent petition or motion. *See Patrick v. Warden*, No. 5:18-445-DCR, 2019 U.S. Dist. LEXIS 74321, at *5 (E.D. Ky. May 2, 2019) ("If [the defendant] took issue with his classification as an armed career criminal, he should have objected to the PSR, raised the issue at sentencing, on direct appeal, or in a timely § 2255.").

The instant Motion is Davis's second § 2255 motion. (*see* 2:19-cv-02234, ECF No. 1.) Prior to this, Davis filed a § 2255 Motion raising the same issue on March 24, 2014. (2:14-cv-02201, ECF No. 1.) There, he claimed ineffective assistance of counsel when a notice of appeal was not timely filed. He says this deprived him of the opportunity to challenge his armed-career criminal status. (*Id.*) Davis was allowed to file a late appeal where he raised an objection to his career criminal status. However, his classification as an armed-career criminal and resulting sentence were affirmed. (Cr. ECF No. 48, 10.)

### C. The Second Ineffective Assistance of Counsel Claim

To raise a successful ineffective assistance of counsel claim, the defendant must show two things. First, the defendant must "establish, by identifying specific acts or omissions, that counsel's performance was deficient, and that counsel did not provide 'reasonable effective assistance,' as measured by 'prevailing professional norms.'" *Harris v. United States*, Nos. 3:08-CR-104-PLR-HBG; 3:12-CV-501-PLR, 2016 U.S. Dist. LEXIS 28355, at *3 (E.D. Tenn. Mar. 7, 2016) (citation omitted). A petitioner must also demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Id.* at *4.

In his first § 2255 motion, Davis asserted that his attorney failed to file a notice of appeal after being instructed to do so. (2:14-cv-02201, ECF No. 1.) A District Court Judge conducted an evidentiary hearing and found that Davis was denied effective assistance of counsel because his attorney had, in fact, failed to file a notice of appeal. As a result, Davis was allowed to file a delayed notice and pursue an appeal. (*Id.*, ECF No. 34.) And as noted above, his classification as an armed-career criminal and resulting sentence were affirmed. (*See* Cr. ECF No. 48, 10.)

Now, Davis, once again, claims ineffective assistance of counsel in the instant § 2255 Motion. This time, Davis asserts that his counsel's failure to properly examine the case resulted in his wrongful classification as an armed-career criminal. (2:19-cv-02234, ECF No. 1.) However, the Court finds that there is nothing in the record to suggest that Davis's attorney failed to properly review or examine the case. This includes review of his extensive criminal history. During the guilty plea colloquy on December 20, 2012, Davis affirmed that he read and understood the plea agreement. (Cr. ECF No. 35.) He also stated that he discussed the plea agreement with his attorney and that she answered his questions; he indicated satisfaction with the representation he was given. (*Id.*)

Davis has failed to assert and show facts demonstrating his attorney's deficiency. He states in a conclusory manner that the cause of his classification as an armed-career criminal was his counselor's failure to properly examine his case. (2:19-cv-02234, ECF No. 1.) Although Davis feels that he is not a career offender, his felony convictions and classification as an armed-career criminal were found by this Court and affirmed on appeal. (*See* Cr. ECF No. 36; *and Davis*, Case No. 16-6404, No. 44-2.) The Court finds that Davis's ineffective assistance of counsel claim is meritless and is **DENIED**.

### D.    *Remaining Motions*

Davis filed four additional motions in this case. (*See* ECF Nos. 30, 31, 34, 35.) In his first Motion, Davis appears to argue that *Johnson* represents a change of law that supports his claim for relief. (*See* ECF No. 30; *see also Johnson v. United States*, 576 U.S. 591 (2015).) The crux of *Johnson* is the unconstitutional vagueness of the residual clause. *Id.* at 597–98. The Supreme Court determined that the residual clause of the ACCA was unconstitutionally void for vagueness but allowed the "use of force" clause and the four enumerated offenses to remain intact. *Id.* at 606. Thus, *Johnson* is of no avail to Davis.

Also, this case is analogous to *In re Ward*, where the defendant filed successive motions challenging his status as an armed-career criminal as well as the constitutionality of his conviction. No. 24-5585, 2024 LEXIS 31512 (6th Cir. 2024). There, the Sixth Circuit reiterated that the defendant must present "newly discovered evidence" or there must be a new rule of constitutional law made retroactively available. *Id.* at *3–4. As noted above, Davis has not done so.

In his second motion, Davis urges this Court to admit certain exhibits that were not made part of the record at his sentencing, which occurred on March 21, 2013. (ECF No. 31.) Written on these exhibits are Davis's contentions that the PSI Officer either negligently or intentionally forgot to

mention in the Presentence Report. (ECF 31.) The Court denies this request because challenges to the presentence report should have been made years ago during the sentencing hearing or in his first §2255 motion. *See Patrick*, No. 5:18-445-DCR, 2019 U.S. Dist. LEXIS 74321, at *5 (defendant may waive rights to challenge a classification through plea agreements). Even if his request was granted, it would make no difference because his conclusory or self-serving contentions would not change the result. For the same reason, the Court also denies Davis's request to order the Government or Clerk to forward to him copies of state court judgments.

In Davis's third motion, he asks this Court to order the Government and the United States Probation Office to produce the "false and inaccurate" presentence report. (ECF No. 34.) Once again, Davis argues that he did not waive his *Johnson* challenge to his ACCA status. As noted earlier, this is erroneous.

Davis further asserts that the Probation Office wrongfully enhanced his sentence because the "Tenn. State Court 'never' revoked his 30 days suspended sentence nor community corrections sentences nor any probation sentences." (ECF No. 34.) He also challenges the criminal history points assigned in the presentence report. (ECF No. 34.) This request and claim are denied as the Court has already addressed this contention. Davis had a full opportunity to challenge his armed career criminal status. Such concerns should have been raised during sentencing or when the Sixth Circuit allowed him to file a late § 2255 motion. *Patrick*, No. 5:18-445-DCR, 2019 U.S. Dist. LEXIS 74321, at *5. Finally, the Court has addressed his second § 2255 Motion and found no error in his classification as an armed-career criminal.

In Davis's fourth and final motion, he requested that the Court order the Government to file a "Counter Response" to Davis's Motion on May 7, 2024, and tender the "Tenn. State Judge's ('New Judgment')." (ECF No. 35.) Davis argues, *inter alia*, that the presentence report is false, the

state court must issue a modified sentence, that his state-level criminal charges do not support the ACCA enhancement, and that his counsel was ineffective. (*Id.*) These requests and assertions are again **DENIED.** As noted herein, the Court has already addressed these issues.

IV.     **APPEAL ISSUES**

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, reasonable jurists could not debate the correctness of the Court's decision to dismiss the Second § 2255 Motion on the ground that it is without merit. Because any appeal from this decision by the Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking *pauper* status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion

to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[3]

  **IT IS SO ORDERED** on this 30th day of April, 2025.

                *s/John T. Fowlkes, Jr.*
                JOHN T. FOWLKES, JR.
                United States District Judge

---

3. If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).